UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUNDI PINDER,

    Plaintiff,

v.                                                 Case No.:  6:20-cv-1164-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff Lundi Pinder[1] filed a Complaint on June 30, 2020.  (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 19).  For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

---

[1] Although her SSA documents list her name as Lundi Sharron Pinder Laughlin, (*see generally* Tr.), at the hearing before the Administrative Law Judge, Plaintiff clarified that she used the last name Campbell, (*see id.* at 45).  For the sake of clarity, the Court uses Plaintiff's name as identified in the Complaint—Lundi Pinder.  (*See* Doc. 1).

I.      **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

II.     **Procedural History**

Plaintiff filed a claim for a period of disability, disability insurance benefits, and supplemental security benefits on July 26, 2017, alleging a disability onset date of December 1, 2014. (Tr. at 23).[2] The alleged onset date was subsequently amended to December 29, 2017. (*Id.* at 24 (citing Tr. at 288-89)). Plaintiff's claim was denied at the initial level on November 15, 2017, and upon reconsideration on January 26, 2018. (*Id.* at 23). Plaintiff requested an administrative hearing, which

---

[2] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations apply in Plaintiff's case because Plaintiff filed her claim after March 27, 2017.

was held on May 23, 2019, before Administrative Law Judge ("ALJ") Eric S. Fulcher. (*Id.* at 43-74). The ALJ issued an unfavorable decision on August 20, 2019. (*Id.* at 20-36). On May 1, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff then filed her Complaint with this Court on June 30, 2020, (Doc. 1), and the parties consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 14, 17). The matter is, therefore, ripe.

### III.      Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through June 30, 2021." (Tr. at 26). At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity (SGA) since December

29, 2017, the amended onset date (20 [C.F.R. §§] 404.1571 *et seq.*, and 416.971 *et seq.*)." (*Id.*). At step two, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine ([Tr. at 406, 413, 420-22]); anemia ([Tr. at 747]); history of obesity with gastric bypass ([Tr. at 695, 743]); hypoglycemia ([Tr. at 747]); bipolar disorder ([Tr. at 659]); major depressive disorder ([Tr. at 374]); attention-deficit hyperactivity disorder ([Tr. at 659]); anxiety disorder ([Tr. at 747]); and posttraumatic stress disorder ([Tr. at 374]) (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.* at 26). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.* at 26-27).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). The claimant can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She can have no exposure to hazards, such as unprotected heights and moving machinery. She can perform simple, routine and repetitive tasks. She can make simple work-related decisions. She can have occasional interaction with coworkers, supervisors and the general public.

(*Id.* at 29-30). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §§] 404.1565 and 416.965)." (*Id.* at 34).

4

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 404.1569, 404.1569(a), 416.969, and 416.969(a))." (*Id.* at 35). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform work as a router (*Dictionary of Occupational Titles* ("DOT")# 222.587-038), collator operator (DOT# 208.685-010), and marker (DOT# 209.587-034). (*Id.* at 35-36). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 29, 2017, through the date of this decision (20 [C.F.R. §§] 404.1520(g) and 416.920(g))." (*Id.* at 36).

IV.    **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

**V.    Analysis**

On appeal, Plaintiff raises two issues. As stated by the parties, the issues are:

1. Whether the Appeals Council erred by denying Plaintiff's request for review and by finding that evidence from Dr. Patil did not create a reasonable probability that it would change the outcome of the ALJ's decision; and

2. Whether the ALJ's RFC assessment adequately accounted for Plaintiff's mental health limitations.

(Doc. 19 at 11, 20). The Court begins with the second issue because it necessitates remand.

### A.    Whether the ALJ's RFC Assessment Adequately Accounted for Plaintiff's Mental Health Limitations.

Plaintiff asserts that remand is warranted because the RFC assessment "does not account for all of the limitations caused by Plaintiff's bipolar disorder." (Doc. 19 at 20). In support, Plaintiff contends that "[w]hen the record reflects that a claimant

6

suffers from bipolar disorder, the Eleventh Circuit has held that an RFC assessment 'must consider the episodic nature' of that disorder." (*Id.* (quoting *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1046 (11th Cir. 2020))). Likewise, Plaintiff asserts that the hypothetical presented "to the VE must 'account for unexcused absences or time off task' where such limitations are present in the administrative record." (*Id.* (citing *Samuels*, 959 F.3d at 1046-47)).

Plaintiff contends that the evidence shows that her bipolar disorder prevents her from keeping a regular work schedule. (*See id.* at 21 (citing Tr. at 658, 659, 664, 666, 668, 671, 735, 786, 790)). Against this backdrop, Plaintiff argues that although there were periods of time during which she had fewer psychological symptoms, "the overall evidence shows that there were [other] periods of time where Plaintiff was unable to work due to her bipolar disorder." (*Id.*). As a result, Plaintiff contends that the decision should have found that she would be off task for a portion of the day and that she would have multiple absences each month. (*Id.* at 21-22). Thus, Plaintiff essentially contends that the ALJ did not adequately account for the episodic nature of Plaintiff's bipolar disorder, and remand is, therefore, warranted. (*See id.* at 22).

In response, Defendant argues that: (1) substantial evidence supports the RFC finding; and (2) Plaintiff's argument is "nothing more than a textbook request for this Court to reweigh evidence." (*Id.*).

First, Defendant contends that the ALJ did not ignore the episodic nature of Plaintiff's bipolar disorder, but instead recognized both the normal and abnormal

7

findings related to Plaintiff's bipolar disorder. (*See id.* at 22-23). Defendant maintains that, as a result, the ALJ found Plaintiff's bipolar disorder severe and accounted for it by limiting Plaintiff to simple, routine, and repetitive tasks, making only simple work-related decisions, and having only occasional interaction with coworkers, supervisors, and the general public. (*Id.* at 23). Moreover, Defendant contends that substantial evidence supports the RFC finding. (*See id.* at 23-24). In support, Defendant summarizes treatment notes that she contends shows "predominantly normal findings," (*see id.* at 23 (citing Tr. at 659, 662, 664, 666, 669, 671, 735, 746, 786, 788 790)), as well as Plaintiff's testimony as to her daily activities, (*see id.* at 24 (citing Tr. at 64-66)).

Second, Defendant argues that instead of showing that substantial evidence does not support the ALJ's RFC, Plaintiff merely interprets the evidence herself and determines that she has the same limitations as the plaintiff in *Samuels v. Acting Commissioner of Social Security*, on which Plaintiff relies. (*Id.* at 24-25). Defendant distinguishes this case from *Samuels*, (*see id.* at 25 n.5), and further contends that the relevant issue is whether substantial evidence supports the ALJ's finding, not whether some evidence could support a different RFC finding, (*id.* at 25 (citations omitted)). Finally, Defendant maintains that the Court may not reweigh evidence and must affirm the ALJ's decision if, as Defendant asserts, substantial evidence supports the decision. (*Id.* at 25-26).

The RFC is "the most" Plaintiff can do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). To determine a plaintiff's

8

RFC, the ALJ must use all relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. §§ 404.1545(e), 416.945(e).  Where a plaintiff is diagnosed with bipolar disorder, the Eleventh Circuit has observed that "the ALJ must consider the episodic nature of bipolar disorder." *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1046 (11th Cir. 2020) (citing *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267 (11th Cir. 2019)).  When the Commissioner's decision is supported by substantial evidence, however, the Court will affirm, even if the Court would have reached a contrary result as the ALJ and even if the Court finds that "the evidence preponderates against" the Commissioner's decision.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Here, the Court finds that the ALJ did not provide enough discussion to permit a meaningful judicial review into whether the ALJ properly considered Plaintiff's bipolar disorder.  In reaching this conclusion, the Court finds the Eleventh Circuit's reasoning in *Schink v. Commissioner of Social Security*, 935 F.3d 1245, 1267-70 (11th Cir. 2019) and *Samuels v. Acting Commissioner of Social Security*, 959 F.3d 1042, 1046-47 (11th Cir. 2020) persuasive.

In *Schink*, the Eleventh Circuit highlighted the "episodic nature" of bipolar disorder and discussed its effect on the ALJ's determination of a claimant's ability to work. *See Schink*, 935 F.3d at 1267-69.  More particularly, the Eleventh Circuit noted that people with chronic diseases, such as bipolar disorder, may "experience good and bad days" and that "when bad days are extremely bad and occur with some frequency, they can severely affect a person's ability to work." *Id.* at 1267.  Given

9

the episodic nature of the plaintiff's mental impairments – including bipolar disorder – the Court held that "the ALJ's citation of the good days as evidence of no disability" did not provide substantial evidence for finding Plaintiff's mental impairments non-severe. *Id.* at 1268. Moreover, because the subsequent RFC assessment did not show adequate contemplation of the impairments, the Court essentially concluded that the error was not harmless, and remand was appropriate. *See id.* at 1268-70.

In *Samuels*, the Eleventh Circuit reaffirmed that "the ALJ must consider the episodic nature of bipolar disorder" and, as such, "[e]vidence that the claimant 'seemed to be doing better' during certain times d[id] not support a finding that her impairment [wa]s not severe." *Samuels*, 959 F.3d at 1046 (quoting *Schink*, 953 F.3d at 1267). In reviewing the record before the Court in *Samuels*, the Eleventh Circuit observed that although the ALJ found the plaintiff's bipolar disorder to be "severe," the ALJ failed to "indicate[] that medical evidence suggested [the plaintiff's] ability to work was affected by that impairment." *Id.* at 1047. Specifically, the Eleventh Circuit highlighted the opinion evidence showing that the plaintiff would be off task for a period of time each day and have unexcused absences. *See id.* The Eleventh Circuit ultimately concluded that the ALJ's failure to include relevant limitations warranted remand. *See id.*

The Court finds this case sufficiently analogous to *Samuels*. Here, the ALJ found Plaintiff's bipolar disorder severe at step two. (Tr. at 26 (citing Tr. at 659)). At step four, the ALJ determined Plaintiff's RFC, which, in relevant part, limited

10

Plaintiff to "perform[ing] simple, routine and repetitive tasks," "mak[ing] simple work-related decisions," having "occasional interaction with coworkers, supervisors, and the general public." (*Id*. at 29-30).

When assessing the medical evidence related to Plaintiff's severe bipolar disorder, however, the ALJ discussed in depth only one treatment note from the relevant time period—*i.e.*, that of ARNP Ester Ofokansi, dated April 24, 2018. (*Id.* at 32 (citing Tr. at 659)).[3] In considering this record, the ALJ highlighted that ARNP Ofokansi "treated [Plaintiff] for diagnoses for bipolar disorder, current episode depressed, severe without psychotic features, and attention-deficit hyperactivity disorder, combined type." (*Id.* (citing Tr. at 659)). Additionally, the ALJ noted that the exam showed Plaintiff "was alert, cooperative and oriented to time, person, place and situation [and] reported that her capacity to do activities of daily living was good." (*Id.* (citing Tr. at 659)). The ALJ also highlighted that the ARNP found Plaintiff's mood "was anxious and depressed[; h]er affect was normal[; h]er insight and judgment w[ere] fair[; h]er thought process was clear[; and h]er memory was intact." (*Id.* (citing Tr. at 659)). Finally, the ALJ highlighted that Plaintiff "denied suicidal or homicidal thoughts" and that "[h]er current medications were Lamictal, Symbyax, Strattera, Zyprexa and Cyclobenzaprine." (*Id.* (citing Tr. at 659)).

---

[3] The ALJ also discussed treatment notes predating the relevant time period. (*See* Tr. at 32 (citing Tr. at 370-95, 374, 396-401)). As, the ALJ noted, one of the cited medical records showed that Plaintiff had "[p]ressured speech." (*See id*. (citing Tr. at 398)).

11

Beyond this summary, the only other indication that the ALJ reviewed other treatment notes related to Plaintiff's mental impairments from the relevant time period is a brief reference to the records dated February 20, 2019.  (*Id.* (citing Tr. at 747)).  As to that note, however, the ALJ summarily states that "Jocelyn Pichardo, M.D., . . . treated the claimant for assessment for anxiety prescribing Clonazepam." (*Id.* (citing Tr. at 747)).

In light of this, and upon review of the record as a whole, the Court finds that the ALJ did not take into account the remaining mental health treatment notes in the record.  Specifically, while the ALJ clearly considered the records dated April 24, 2018, and February 20, 2019, he appears to have ignored the records dated May 8, 2018 (Tr. at 661-63), June 20, 2018 (*id.* at 664-65), August 10, 2018 (*id.* at 666-67), October 3, 2018 (*id.* at 668), October 31, 2018, (*id.* at 669-70), November 28, 2018 (*id.* at 671-72), April 5, 2019 (*id.* at 786-787), March 25, 2019 (*id.* at 788-89), and March 8, 2019 (*id.* at 790-91).  Importantly, in many of these records, Plaintiff reported trouble concentrating, a lack of focus or motivation, and being easily distracted.  (*See, e.g.*, *id.* at 664, 666, 668, 786, 788).  Moreover, in some records, the mental examination supports Plaintiff's complaints.  (*See, e.g.*, *id.* at 669 ("Cognition: inattention"); 671 ("Attention Span:  Inattention"); 790 ("Attention Span: Inattention")).  In contrast, the one record cited by the ALJ noted only that Plaintiff reported "poor concentrations [sic]," and the mental health findings were all normal.  (*See id.* at 658-659).  Despite the differences in both Plaintiff's allegations and the

12

objective findings, the ALJ failed to acknowledge the existence of any additional records in his decision. (*See id.* at 26-34).

Given the differences in the treatment records, the Court finds that the ALJ's reference to one of Plaintiff's mental health records insufficient to show that he considered the *episodic nature* of Plaintiff's bipolar disorder. Rather, the records appear to show fluctuation in both Plaintiff's alleged symptoms and in the objective medical findings. Such fluctuation is consistent with the "good and bad days" associated with bipolar disorder. *See Schink*, 935 F.3d at 1267. Thus, the ALJ's failure to consider these fluctuations results in a decision unsupported by substantial evidence.

Moreover, the Court cannot find the ALJ's error in failing to consider the remaining treatment notes harmless given the differences across the treatment notes. In that regard, Plaintiff asserts that the ALJ should have included limitations related to the time Plaintiff will be off task as well as the unexcused absences. (*See* Doc. 19 at 21-22). As noted above, several treatment notes show that Plaintiff reported trouble concentrating, a lack of focus or motivation, and being easily distracted, and the mental examination of other records support Plaintiff's alleged symptoms. (*See, e.g.*, Tr. at 664, 666, 671, 668, 669, 786, 788, 790). In light of these findings, the possibility remains that had the ALJ properly considered the treatment notes and the episodic nature of Plaintiff's bipolar disorder, the ALJ would have included additional limitations, including limitations related to Plaintiff's ability to stay on task.

13

The Court clarifies, however, that the ALJ is not required to impose additional limitations on remand. Rather, the Court simply finds that given the ALJ's failure to acknowledge the existence of these records, the Court cannot determine whether the ALJ properly considered Plaintiff's bipolar disorder and, therefore, cannot find that substantial evidence supports the ALJ's decision. As a result, the Court finds that remand is appropriate. On remand, the Commissioner must re-consider all evidence of record, including the mental health treatment notes addressed above and must specifically address the episodic nature of Plaintiff's bipolar disorder.

### B.   Plaintiff's Remaining Argument

Plaintiff's remaining argument focuses on the evidence presented to the Appeals Council. Because the Court finds that on remand the Commissioner must re-evaluate all the medical of evidence of record, including, but not limited to, the above-referenced mental health treatment notes and the episodic nature of Plaintiff's bipolar disorder, the disposition of this remaining issue would be premature.

## VI.   Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

14

        (1) Fully evaluate the treatment notes regarding Plaintiff's bipolar disorder and the episodic nature of Plaintiff's bipolar disorder; and (2) re-evaluate all medical evidence of record.

3.    Any application for fees, costs, or expenses must comply with the Court's Standing Order on Management of Social Security Cases, In re Administrative Orders of the Chief Judge, Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

4.    The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 22, 2021.

*[signature]*

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

15